IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD ARLAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11cv105-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Richard Arlan Johnson, applied for disability insurance benefits under Title

II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security

income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*  His applications

were denied at the initial administrative level.  Plaintiff then requested and received a hearing

before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a

decision in which he found Plaintiff not disabled from the alleged onset date through the date

of the decision.  Tr. 15.  The Appeals Council rejected Plaintiff's request for review of the

ALJ's decision.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security ("the Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994,
Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human
Services with respect to Social Security matters were transferred to the Commissioner of Social

129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. §

405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.

Pl.'s Consent to Jurisdiction (Doc. #13); Def.'s Consent to Jurisdiction (Doc. #12).  Based

on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the

decision of the Commissioner.


**II.    STANDARD OF REVIEW**

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of

---

Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques.

Impairments]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the
> reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar
> presumption of validity attaches to the [Commissioner's] . . . legal conclusions,
> including determination of the proper standards to be applied in evaluating
> claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fourty-two years old at the time of the alleged disability onset date.  Tr.

28.  Plaintiff testified that he had an 11th grade education.  *Id*.  Plaintiff's past relevant work

experience was as a: construction worker in very heavy unskilled; oil changer; carpet helper

in heavy unskilled; and fork lift operator in medium semi-skilled work.  Tr. 28.  Following

the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had

"not engaged in substantial gainful activity since June 13, 2007, the alleged onset date." (Step

1)  Tr. 21.  At Step 2, the ALJ found that Plaintiff suffers from the following severe

impairments: hypertension; degenerative joint disease in lower back; history of heat stroke

with renal failure; and a history of headaches.  Tr. 21.  The ALJ then found that "the claimant

does not have an impairment or combination of impairments that meets or medically equals

one of the listed impairments . . . ."  (Step 3) Tr. 21.  Next, the ALJ found that Plaintiff

retained the residual functional capacity to perform a full range of light work with a

restriction to avoid balancing and unprotected heights.  Tr. 22.  The ALJ then found Plaintiff

was unable to perform past relevant work.  (Step 4) Tr. 28.  At Step 5, and after consulting

with a VE, the ALJ found that Plaintiff "has acquired work skills from past relevant work

that are transferable to other occupations with jobs existing in significant numbers in the

national economy" including: "Small Products Assembler," "Cafeteria Attendant," and "Rug

Cleaner."  Tr. 29.   Accordingly, the ALJ determined that Plaintiff has not been under a

disability "from June 13, 2007 through the date of this decision."  Tr. 29

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents one issue for this court's consideration: "Whether the ALJ erred by

according substantial weight to the opinion evidence of a non-treating, non examining

medical expert."  Pl.'s Brief (Doc. #9) at 4.

## V.   DISCUSSION

Plaintiff's sole contention is that the ALJ erred by giving substantial weight to the

opinion of Dr. Williams, a non-treating, non-examining physician. *Id*.  Plaintiff contends that

the ALJ misidentified Dr. Williams as an examining physician, and that the record "does not

include substantial evidence to support the ALJ's findings regarding Plaintiff's mental

impairments, and the opinions of a non-examining physician cannot alone constitute

substantial evidence to support an administrative decision."  *Id*.  Defendant concedes that

"the ALJ appears to have inadvertently indicated that Dr. Williams was an examining rather

than nonexamining physician," but that the mistake "did not constitute reversible error."

Def.'s Brief (Doc. #10) at 10. Defendant argues that it was harmless error because there was

substantial evidence in the record, in addition to Dr. Williams's opinion, to support the ALJ's

determination.  *Id*. at 10-12.  The opinion of Dr. Williams at issue, was his Psychiatric

Review Technique form.  Tr. 390-404.  In the report, Dr. Williams opined that Plaintiff

suffered from non-severe anxiety.  Tr. 395, 402.

Assuming that the ALJ did misidentify Dr. Williams, the court will determine if the

ALJ's reliance on his report constitutes reversible error. If the ALJ relied on the report alone,

then the error is reversible.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) ("The

reports of reviewing nonexamining physicians do not constitute substantial evidence on

which to base an administrative decision.").   However, if Dr. Williams's report was

consistent with other substantial evidence of record, the decision would stand. *See Crawford*

*v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158, 1160 (11th Cir. 2004) (holding that the ALJ

did not err in relying on consulting physician's opinion where it was consistent with medical

evidence and findings of the examining physician).   "The weight to be given a

non-examining physician's opinion depends, among other things, on the extent to which it

is supported by clinical findings and is consistent with other evidence." *Kemp v. Astrue*, 308

F. App'x 423, 427 (11th Cir. 2009).

First, it must be noted that when the ALJ stated that he was assigning great weight to

Dr. Williams's opinion, he was doing so because the opinion was well supported by the

doctor's "own clinical examination and testing," and because "it is generally consistent with

the record as a whole."  Tr. 22.  Even if the first part of that rationale was incorrect, the ALJ

clearly based part of his decision on the opinion's consistency with the record.  Second, Dr.

Williams stated in his report that his finding that Plaintiff's anxiety was non-severe, was

based on "the medical record of evidence and the activities of daily living." Tr. 22 & 402.

The "activities of daily living" refers to Plaintiff's own reports of his daily activities.

Plaintiff does not challenge the ALJ's reliance on Plaintiff's reports of his daily activities.[5]

The medical evidence of record to which Dr. Williams and the ALJ refer, is Plaintiff's

prescription for Xanax, which Plaintiff stated that he was prescribed in 1994 and still takes

because it helps lower his blood pressure. Tr. 402. Other than that, the record is rather stark

relating to Plaintiff's claims of mental impairment. The record presented by Plaintiff lacks

any support for a finding that his anxiety was severe. Notably, Plaintiff's argument section

fails to point this court to any medical evidence of record to support his claim that the ALJ

erred in finding that Plaintiff had failed to show his anxiety was severe.

A review of the record reveals only two mental health examinations  and Plaintiff

being Administratively Discontinued from the Montgomery Area Mental Health Authority

for failure to seek treatment.[6]  Similarly, Plaintiff fails to point this court to, or even allege,

that the ALJ's determination was inconsistent with any evidence of record. "[W]here a

non-examining physician's assessment does not contradict the examining physician's report,

the ALJ does not err in relying on the non-examining physician's report." *Jarrett v. Comm'r*

*of Soc. Sec.,* 422 F. App'x 869, 873 (11th Cir. 2011).

---

[5] The ALJ found Plaintiff's claims of physical limitations in completing daily activities less than fully credible. Tr. 23.

[6] The ALJ noted in his decision that the record does not indicate that Plaintiff sought or received therapy or substance abuse treatment as recommended by the mental health facilities. Tr. 26.

In other words, Plaintiff sets forth two mental health consultations, with no followups or therapy, and a prescription for Xanax, which he stated he takes for blood pressure, as evidence of a mental limitation, then claims the ALJ's decision finding his anxiety as non-severe was not supported by substantial evidence.  It is Plaintiff's burden to prove his impairments, *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004), and he failed to do so in this case.

Dr. Williams's opinion that Plaintiff's anxiety was non-severe was consistent with the medical evidence of record and did not contradict other medical evidence of record. Accordingly, the court can find no error with the ALJ's assignment of substantial weight to Dr. Williams's opinion. *See Jarrett* 422 F. App'x at 874 ("The ALJ also did not err in giving significant weight to the opinions of the state agency medical consultants."); *Kemp*, 308 F. App'x at 427.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

Done this 26th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE